# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2015

Lyle W. Cayce
Clerk

No. 14-60447
Summary Calendar

AMIN KARIMI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 255 647

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Amin Karimi, a native and citizen of Iran, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA agreed with the IJ that Karimi had not credibly established his claims for relief. Karimi argues that the adverse credibility

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding was erroneous, and he challenges the findings that his claims were not plausible.

The BIA and the IJ may "rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). A credibility finding is a finding of fact that is reviewed for substantial evidence. *Id.* at 538-39. Therefore, we will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

Karimi has not demonstrated that the record compels a conclusion that the adverse credibility finding was erroneous. He points to no testimony or other evidence that would compel a reversal of the agency's determination that the implausibility of his claims of past persecution and his fear of future persecution, as well as the fact that his family—who helped him leave Iran— remains in Iran unharmed, was fatal to his claim. Because substantial evidence supports the BIA's adverse credibility determination, the BIA's ruling will not be disturbed. *See Wang*, 569 F.3d at 538.

Given the adverse credibility ruling, Karimi did not demonstrate that he was entitled to asylum or statutory withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 399, 345 (5th Cir. 2005). Karimi has not briefed any argument why it is more likely than not that he will be tortured. He therefore has waived his CAT claim. *See Mwembie v. Gonzales*, 443 F.3d 405, 415-16 (5th Cir. 2006).

Finally, Karimi attempts to challenge the BIA's denial of his motion to reopen or reconsider its decision. However, he did not petition this court for

review of the denial of the motion; we have no jurisdiction in the absence of a timely petition for review, so we dismiss that challenge. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).

Accordingly, Karimi's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.